IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR HENRY BALLARD, as personal representative of the estate of Joseph Ryan Ballard, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:20-CV-260-WKW [WO] |
| GENERAL MOTORS, LLC, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The pending motion raises a single issue under Alabama law as to the plausibility at the pleading stage of an implied warranty claim against an automobile manufacturer for personal injuries sustained by the deceased's use of the automobile. The answer depends upon whether Defendant General Motors, LLC, is a "seller" under § 7-2-314(1) of Alabama's Uniform Commercial Code ("UCC"). Section 7-2-314(l) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ala. Code § 7-2-314(1). A "seller" under the UCC, as expounded upon by the Alabama Supreme Court 45 years ago, encompasses "anyone who sells, *including a manufacturer*." *Bishop v. Faroy Sales*, 336 So. 2d 1340, 1343 (Ala. 1976) (emphasis added). The rub here, as Defendant sees it, is that 23 years later, the Alabama Supreme Court said that an automobile manufacturer is not a "seller" and thus cannot

be held liable for breach of an implied warranty. *See Ex parte Gen. Motors Corp.*, 769 So. 2d 903, 910 (Ala. 1999). Defendant contends that, as a matter of law, it is not a "seller" under the decision in *Ex parte General Motors Corp.* This clashing of Alabama authorities is at issue in this case.

Before the court is Defendant's motion to dismiss Plaintiff's amended complaint (Doc. # 29), which is construed as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff responded in opposition (Doc. # 31) to which Defendant filed a reply (Doc. # 32). For the reasons to follow, Plaintiff's pleading plausibly alleges that Defendant is a "seller" within the meaning of § 7-2-314(1) (1975). Therefore, Defendant's motion for judgment on the pleadings is due to be denied.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

After Defendant filed an answer (Doc. # 25), it moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). That is not allowed under Rule 12. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Defendant's motion, however, will be construed as one for judgment on the pleadings under Rule 12(c). *See Weeks v. Wyeth, Inc.*, 120 F. Supp. 3d 1278, 1282–83 (M.D. Ala. 2015).

The standards for assessing a Rule 12(b)(6) motion and a Rule 12(c) motion are the same. *Id.* at 1283. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not set out "detailed factual allegations," it must provide factual amplification sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. BACKGROUND

On February 22, 2019, Joseph Ryan Ballard ("decedent") died in a single vehicle rollover accident in Covington County, Alabama. (Am. Compl. ¶¶ 1, 14.) The decedent was driving a 1996 Chevrolet Blazer, manufactured by General Motors Corporation ("GM"). (Am. Compl. ¶ 15.) As alleged:

> [T]he subject vehicle was southbound on U.S. 331 when it traveled onto the west improved shoulder, re-entered the highway with a steer to the left, skid, and rolled over. A post-crash fire ensued, which fully

> engulfed the Blazer before the Fire Department could arrive. Citizens who stopped to render aid reported that they removed the Decedent's safety belt in an effort to extract him from the burning vehicle, but were unsuccessful.

(Am. Compl. ¶ 14.) Seeking recovery under Alabama law for the wrongful death of the decedent, Plaintiff, as the personal representative of the decedent's estate, filed this action against General Motors LLC ("GM LLC") on April 15, 2020.

GM LLC is the entity that emerged out of GM's bankruptcy more than a decade ago. It bought the bulk of GM's assets and assumed some of its liabilities, including GM's "liabilities in warranty." (Am. Compl. ¶ 6.) It also "formally accepted responsibility for the design, manufacture, assembly, marketing and distribution of the subject Blazer, including financial responsibility for damages associated with defects in the subject vehicle." (Am. Compl. ¶ 7.) However, it did not contractually assume liability for punitive damages based on GM's conduct. *See generally In re Motors Liquidation Co.*, 943 F.3d 125 (2d Cir. 2019). Because punitive damages provide the sole remedy for wrongful death under Alabama law, *see Lance, Inc. v. Ramanauskas*, 731 So. 2d 1204, 1221 (Ala. 1999), Plaintiff's Complaint alleging a wrongful death claim was unsustainable.

Plaintiff, thus, filed an Amended Complaint, pleading a single cause of action for breach of an implied warranty of merchantability. (*See* Am. Compl. ¶ 32 (Doc. # 22).) He alleges that GM LLC, as successor-in-interest to GM, "breached its implied warranties of merchantability" under § 7-2-314 of the Alabama Code,

"rendering the subject Blazer unfit for its ordinary purpose[s] to provide adequate, reliable, and safe transportation for end users."[1] (Am. Compl. ¶ 32.) Plaintiff contends that the 1996 Chevrolet Blazer is unfit for its ordinary purposes based on its fuel system design and "because of its inherent rollover instability," and he seeks damages for the decedent's "fatal personal injuries" resulting from a "foreseeable vehicle rollover accident." (Am. Compl. ¶ 19.)

## IV. DISCUSSION

Federal courts sitting in diversity apply state substantive law "as declared by the state's highest court." *CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*, 182 F.3d 788, 790 (11th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Federal courts sitting in diversity also are bound by state statutes. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938) ("[T]he authority and only authority is the State, and if that be so, the voice adopted by the State as its own (whether it be of its Legislature or of its Supreme Court) should utter the last word."). Here, the state substantive and statutory law is Alabama's.

Under Alabama law, breach of an implied warranty requires proof of "the existence of the implied warranty, a breach of that warranty, and damages

[1] Because GM LLC acquired GM's warranty liabilities, this opinion at times refers to GM LLC as the manufacturer of the 1996 Chevrolet Blazer at issue.

proximately resulting from that breach." *Bagley v. Mazda Motor Corp.*, 864 So. 2d 301, 315 (Ala. 2003). Defendant challenges only the first element, advancing a blanket rule that implied warranties do not apply to manufacturers under § 7-2-314(1). Accepting this argument would run counter to both the plain text of the UCC and Alabama precedent.

Section 7-2-314 of Alabama's UCC establishes the parameters of the implied warranty of merchantability. It provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ala. Code § 7-2-314(1). Goods are "merchantable" when they "[a]re fit for the ordinary purposes for which such goods are used." *Id.* § 7-2-314(2). The UCC also defines the terms "seller" and "merchant," as those terms are used in Article 2. A "seller" is "a person who sells or contracts to sell goods." § 7-2-103(1)(d). A "merchant . . . deals in goods of the kind . . . ." Ala. Code § 7-2-104(1). The Amended Complaint's allegations fit squarely within the statutory definition of "seller."

As alleged, GM LLC "owns" certain "liabilities for GM's *sale*" of the subject vehicle. (Am. Compl. ¶ 12 (emphasis added).) The Amended Complaint alleges that, as to the 1986 Chevrolet Blazer at issue, GM "*sold* the vehicle in Alabama" and "profited from the *sale* of the vehicle." (Am. Compl. ¶ 12 (emphasis added).) The Amended Complaint further alleges that GM has engaged in "marketing, advertising and *sales* of the Blazer in Alabama . . ." and that the "GM group" has "*sold* thousands

of products in Alabama," including the model at issue here. (Am. Compl. ¶ 12 (emphasis added).) The Amended Complaint references GM's sales of vehicles no less than eight times. These allegations sufficiently allege that Defendant, standing in the shoes of GM as its successor in interest, "sells . . . goods" (*i.e.*, vehicles, including the Chevrolet Blazer), § 7-2-103(1)(d), and that it "deals in goods of the kind," Ala. Code § 7-2-104(1). Section 7-2-314's requirement that the "seller" be a "merchant with respect to goods of that kind" is satisfied. The facts, thus, set forth plausibly the existence of an implied warranty by Defendant as the seller.

The Supreme Court of Alabama's decision in *Bishop v. Faroy Sales*, 336 So. 2d 1340 (Ala. 1976), confirms this finding. The Alabama Supreme Court opined on Article 2 of the UCC's definition of "seller," holding that a "seller," "by its terms, . . . is anyone who sells, including a manufacturer . . . ." *Id.* Under *Bishop v. Faroy Sales*, Defendant also cannot circumvent Plaintiff's pleading that it is a seller within the meaning of Article 2 of the UCC.

Defendant contends, however, that *Bishop* v. *Faroy Sales* is inapposite because the Supreme Court of Alabama, on a certified question from a federal court, opined only on whether § 7-2-318 eliminated the privity requirement where a consumer sues a manufacturer for personal injuries under an implied warranty theory, and not on whether implied warranties apply in the first place to a manufacturer. (Doc. # 32, at 1–3.) Defendant contends that decisions "with respect to § 7-2-318 and privity are not applicable to the question of whether § 7-2-314

applies to manufacturers." (Doc. # 32, at 3.) This argument ignores that *Bishop v. Faroy Sales* also opined on the definition of a "seller" in § 7-2-103(1)(d). This definition applies not only to § 7-2-318, but also to § 7-2-314(1). *See* Ala. Code § 7-2-103 (providing that these definitions apply "[i]n this article unless the context otherwise requires"); *see also Ala. Powersport Auction, LLC v. Wiese*, 143 So. 3d 713, 721 (Ala. 2013) ("An implied warranty of merchantability exists only if there is a 'seller,' as that term is defined in § 7-2-103 . . . .").

The Supreme Court of Alabama's later decision in *Ex parte General Motors Corp.*, 769 So. 2d 903 (Ala. 1999), does not overturn Defendant's status as a "seller." Defendant contends that *Ex parte General Motors Corp*. pronounces a "clear statement of the law in Alabama" that an automobile manufacturer cannot be a seller under § 7-2-314. (Doc. # 32, at 3.) But *Ex parte General Motors* is anything but clear on this point.

In *Ex parte General Motors Corp.*, the plaintiff bought a new Chevrolet Camaro that was prone to stalling, and on one occasion when it stalled, the power steering and brakes went out, causing the plaintiff to hit a utility pole and to suffer physical injuries. *See Ex parte Gen. Motors Corp.*, 769 So. 2d at 905–06. The plaintiff sued the dealership that sold him the Camaro, and GM, which had "manufactured the car," under multiple causes of action for property damages and for personal injuries. *Id.* at 905, 910. The Alabama Supreme Court opined that any claim against GM for breach of an implied warranty must fail. It stated:

> In its opinion in this case, the Court of Civil Appeals held that under Alabama's version of the Uniform Commercial Code ("UCC"), implied warranties are applicable only to sellers. 769 So. 2d at 901–02. We agree; that holding is an accurate statement of the law. *See Rhodes v. General Motors Corp.*, 621 So. 2d 945, 947 (Ala. 1993). If Tucker had alleged a breach of an implied warranty as to GM, a summary judgment would be proper as to any such claim.
>
> To the extent that the Court of Civil Appeals' opinion implies that Tucker stated such a claim, however, and to the extent that Tucker argues that he should be allowed to proceed on such a claim, we point out that the complaint does not appear to state a claim alleging any breach of implied warranties by GM.

*Id.* at 910. Hence, in *Ex parte General Motors Corp.*, the Alabama Supreme Court implied that GM could not be held liable for breaches of implied warranties because it was a manufacturer, not a seller.

*Ex parte General Motors Corp.* did not pronounce a clear holding as to GM's liability (or lack thereof) for breach of an implied warranty. Rather, its statement—that a claim against GM for breach of an implied warranty could not lie because "implied warranties are applicable only to sellers"—was dictum. *See Magee v. Boyd*, 175 So. 3d 79, 101 (Ala. 2015) (discussing dicta). It was not necessary to the decision because the Alabama Supreme Court held that the plaintiff's complaint did not plead a claim against GM for breach of an implied warranty. *See Ex parte Gen. Motors Corp.*, 769 So. 2d at 905 n.1, 910–11. If an Alabama "appellate court is not bound by its own dicta," neither is this court. *Edwards v. Edwards*, 999 So. 2d 939, 942 (Ala. Civ. App. 2008). Nonbinding dictum, of course, can be persuasive

authority where it evidences a clear and direct statement of the law; however, again clarity is lacking. Here is why.

In *Ex parte General Motors Corp.*, the Alabama Supreme Court (and below the Alabama Court of Civil Appeals) relied solely upon *Rhodes v. General Motors Corp.*, 621 So. 2d 945 (Ala. 1993), a decision about privity of contract. In *Rhodes*, the defendant (again GM) asserted that it could not be held liable under Alabama law for breach of an implied warranty "because [the dealership]," not GM, "was the seller of the automobile." 621 So. 2d at 947. The Alabama Supreme Court agreed, but only because the injuries at play solely were economic: "[W]e conclude that, without privity of contract, there is no right of action against a manufacturer for direct economic loss" on an implied warranty claim. *Id.*

Alabama's law on privity of contract distinguishes implied warranty claims seeking recovery of economic injuries from those seeking recovery for personal injuries. In decisions decided both before and after *Ex parte General Motors Corp.*, Alabama appellate courts have held that privity of contract is required for implied warranty claims where the plaintiff seeks relief for only economic injuries; however, Alabama appellate courts have held that, by statute, privity of contract is not required where the plaintiff seeks relief for personal injuries.[2] *Ex parte General Motors*

[2] *See* Ala. Code § 7-2-318 ("A sellers' [sic] warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."); *Blackmon v. Powell*, 132 So. 3d 1, 6 (Ala. 2013) ("The linchpin of a breach-of-the-implied-warranty-of-merchantability

*Corp.*'s reliance upon *Rhodes* for its statement that the plaintiff could not bring a claim for breach of an implied warranty against GM, which "manufactured the car," *id.* at 905, is at the very least confusing against the backdrop of long-standing Alabama precedent. Only economic injuries were at issue in *Rhodes*; both economic and personal injuries were at issue in *Ex parte Motors General Corp.* *Rhodes* says nothing about whether an individual can bring an implied warranty claim against a remote seller (*i.e.*, the manufacturer) for personal injuries, and it does not pronounce a blanket rule that an implied warranty claim can never lie against a remote seller. The court declines to rely on the dictum in *Ex parte General Motors Corp.* to dismiss Plaintiff's cause of action at the pleadings stage on allegations that GM LLC is a

---

claim is privity; accordingly, [the plaintiff] would be unable to pursue any claim against the seller and/or presumed manufacturer of the defective water-supply line" for *property damage*.); *Harris Moran Seed Co. v. Phillips*, 949 So. 2d 916, 922 (Ala. Civ. App. 2006) ("In Alabama, a vertical nonprivity purchaser who has suffered only direct or consequential economic loss cannot recover from a remote manufacturer under an implied warranty theory."); *Rampey v. Novartis Consumer Health, Inc.*, 867 So. 2d 1079 (Ala. 2003) (holding that where the plaintiff bought the product at a drug store, the implied warranty claim against the manufacturer for economic losses failed for lack of privity); *Kidd v. Kilpatrick Chevrolet, Inc.*, 613 So. 2d 336, 338 (Ala. 1993) ("Alabama has abolished privity requirements in actions involving personal injuries, but in actions where the claim alleges purely economic injury, such as this case, privity is still required."); *Wellcraft Marine, a Div. of Genmar Indus., Inc. v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990) ("While Alabama's version of U.C.C. § 2–318 has abolished the privity requirements in actions involving injuries to natural persons, the privity requirements still remain[] in cases of strictly economic injury." (citation and quotation marks omitted)); *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So. 2d 1223, 1227 (Ala. 1987) ("While Alabama's version of U.C.C. § 2–318 has abolished privity requirements in actions involving injuries to natural persons, the privity requirements still remain[] in cases of strictly economic injury."); *see also Sullivan v. Lowes Home Centers, Inc.*, No. CV 03-B-2903-S, 2009 WL 10703683, at *2 (N.D. Ala. Apr. 22, 2009) ("Prior to and after *Ex Parte General Motors*, courts in Alabama have recognized a cause of action against remote sellers—manufacturers and distributors—for breach of implied warranties that result in personal injury." (collecting cases)).

remote "seller" from which Plaintiff seeks recovery for the decedent's personal injuries under an implied warranty theory .[3]

Defendant makes two additional arguments that are not persuasive on the pleadings. First, Defendant relies on cases, such as *Osborn v. Custom Truck Sales & Service, a Division of Alley-Cassetty Coal, Inc.*, 562 So. 2d 243 (Ala. 1990), and *Curry Motor Co. v. Hasty*, 505 So. 2d 347 (Ala. 1987), for the principle that "there is no implied warranty of the quality or condition of a used automobile." *Osborn*, 562 So. 2d at 247. These cases are inapposite. Under the Amended Complaint's allegations, construed in Plaintiff's favor, Plaintiff is not claiming that the decedent is a beneficiary of a warranty implicit in S&D Auto Sales's sale of the subject vehicle. Rather, Plaintiff is claiming that the decedent is a beneficiary of an implied warranty of merchantability created when GM sold the vehicle new to the original purchaser and that Defendant, as the successor in interest to GM's warranty liabilities, is liable for a breach of that implied warranty. (*See* Am. Compl. ¶¶ 12, 35, 37.)

---

[3] At least two district courts in Alabama also have discounted the persuasive value of the dictum in *Ex parte General Motors Corp. See Avery v. Cobra Enters. of Utah, Inc.*, No. 2:11-CV-02870-WMA, 2013 WL 2352320, at *3 (N.D. Ala. May 23, 2013) ("This court does not find that the court's dicta in *General Motors* is sufficient to prove that the court has changed or would change its long-standing interpretation of implied warranties of merchantability under § 7-2-318." (citing *Ex parte Gen. Motors Corp.*, 769 So. 2d at 903); *Sullivan v. Lowes Home Centers, Inc.*, No. CV 03-B-2903-S, 2009 WL 10703683, at *2 (N.D. Ala. Apr. 22, 2009) (same); *but see Rose v. Gen. Motors Corp.*, 323 F. Supp. 2d 1244, 1247 (N.D. Ala. 2004) (finding that in *Ex parte General Motors Corp.*, the Supreme Court of Alabama "clearly indicates that the Alabama Supreme Court would directly overrule *Bishop [v. Faroy Sales]).*

Second, Defendant argues that the Amended Complaint fails to allege "how the subject vehicle was unmerchantable." (Doc. # 29, at 6.) As Plaintiff asserts, the Amended Complaint does so in two ways. The unmerchantable aspects making the subject vehicle unfit for its ordinary purposes are (1) its inherent instability (Am. Compl. ¶ 25) and (2) its defectively designed fuel system (Am. Compl. ¶ 19). (Doc. # 31, at 9.) Defendant's argument that this claim "sounds in tort, not warranty," (Doc. # 29, at 8), might be a good one, but it is premature on the pleadings based upon the decision in *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183 (11th Cir. 2004).

In *Spain*, after the Alabama Supreme Court answered its certified question, the Eleventh Circuit reversed the district court's Rule 12(b)(6) dismissal of a claim for breach of an implied warranty against a cigarette manufacturer. Because the case resolved on the pleadings, there was not yet evidence to refute the allegations that the cigarettes the decedent smoked were unfit "for the ordinary purposes for which they are used." *Id.* at 1198; *see also id.* (explaining that "the determination whether there was a breach [of an implied warranty of merchantability] requires a fact-intensive analysis" (citation and quotation marks omitted)). The decisions upon which Defendant relies—*Shell v. Union Oil Co.*, 489 So. 2d 569 (Ala. 1986), and *Darnell v. Yamaha Motor Corp., USA*, 476 F. Supp. 3d 1170, 1172 (N.D. Ala. 2020)—are distinguishable; they were decided on summary judgment after discovery, not on a motion for judgment on the pleadings. Here, the allegations are

sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and thus, discovery will tell the tale.

## V. CONCLUSION

Plaintiff can proceed on his claim that Defendant is liable under Alabama law for breach of an implied warranty of merchantability to the decedent. On the allegations, Plaintiff sufficiently has alleged that Defendant is a seller under § 7-2-314(1). Accordingly, it ORDERED that Defendant's motion for judgment on the pleadings (Doc. # 29) is DENIED.

DONE this 15th day of November, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE